# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| FRANCIS J. REUTER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:13-cv-183-JAG |
| vs. | ) ) | |
| STAR SCIENTIFIC, INC., ROCK CREEK PHARMACEUTICALS, INC., PAUL L. PERITO, JONNIE R. WILLIAMS, SR., PARK A. DODD, III, AND CURTIS WRIGHT, | ) ) ) ) ) | **DEFENDANTS' RESPONSE TO THE MOTIONS FOR CONSOLIDATION AND LEAD PLAINTIFF APPOINTMENT** |
| Defendants. | ) ) | |
| MARTY COLE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 3:13-cv-287-JAG |
| STAR SCIENTIFIC, INC., ROCK CREEK PHARMACEUTICALS, INC., PAUL L. PERITO, JONNIE R. WILLIAMS, SR., PARK A. DODD, III, AND CURTIS WRIGHT, | ) ) ) ) ) | |
| Defendants. | ) | |

M. F. Connell Mullins, Jr. (VSB # 47213)
cmullins@spottsfain.com
Edward E. Bagnell, Jr. (VSB #74647)
ebagnell@spottsfain.com
Spotts Fain P
411 E. Franklin Street
Suite 600
Richmond, VA 23219
Telephone: (804) 697-2069
Facsimile: (804) 697-2169

Charles Lee Eisen (*pro hac vice*)
Nicholas G. Terris (*pro hac vice*)
Amy J. Eldridge (VSB # 77873)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C.  20006-1600
Telephone:  (202) 778-9000
Facsimile:   (202) 778-9100
Email: charles.eisen@klgates.com
Email: nicholas.terris@klgates.com
Email: amy.eldridge@klgates.com

*Attorneys for Star Scientific, Inc., Rock Creek Pharmaceuticals, Inc., Paul L. Perito, Jonnie R. Williams, Sr., Park A. Dodd, III, and Curtis Wright*

**TABLE OF CONTENTS**

NO TABLE OF CONTENTS ENTRIES FOUND.

**PRELIMINARY STATEMENT** ........................................................................................................1

**BACKGROUND** ..........................................................................................................................2

**ARGUMENT**................................................................................................................................4

   I.   CONSOLIDATION OF REUTER, COLE, AND ANY OTHER RELATED ACTIONS IS APPROPRIATE ...............................................................................................................4

   II.   THE COURT SHOULD APPOINT A LEAD PLAINTIFF IRRESPECTIVE OF THE MASSACHUSETTS ACTION .........................................................................................5

   III.   DEFENDANTS TAKE NO POSITION REGARDING WHICH LEAD PLAINTIFF CANDIDATE SHOULD BE APPOINTED ..................................................................8

**CONCLUSION** ..........................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

Affinity Memory & Micro, Inc. v. K&Q Enters. Inc., 20 F. Supp. 2d 948 (E.D. Va. 1998) ......................................................................................................................... 6

Boston and Maine Corp. v. United Transp. Union, 110 F.R.D. 322 (D. Mass. 1986) ..................6

Ellenburg III v. JA Solar Holdings Co. Ltd., 262 F.R.D. 262 (S.D.N.Y. 2009)..............................9

EMC Corp. v. Parallel Iron, LLC, Civil Action No. 12-11096-FDS, --- F. Supp. 2d ---, 2012 WL 6213133 (D. Mass. Dec. 12, 2012)................................................................................6

Horn v. Raines, 227 F.R.D. 1 (D.D.C. 2005)...................................................................................5

In re First Union Corp. Sec. Litig., 157 F. Supp. 2d 638 (W.D.N.C. 2000) ....................................8

In re Lucent Technologies, Inc. Sec. Litig., 221 F. Supp. 2d 472 (D.N.J. 2001) .............................9

In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427 (E.D.V.A. 2000) ............................... 4,8

In re Orbital Scis. Corp. Secs. Litig., 188 F.R.D. 237 (E.D. Va. 1999).............................................4

Johnson v. Pozen, Inc., 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) .........................8

Pirelli Armstrong Tire Corp. v. Labranche & Co., 229 F.R.D. 395 (S.D.N.Y. 2004).......................8

Smith v. Bayer Corp., 131 S. Ct. 2368 (2011)..................................................................................7

Switzenbaum v. Orbital Scis. Corp., 187 F.R.D. 246 (E.D.V.A. 1999) ...........................................5

The Learning Network v. Discovery Communications, Inc., 11 Fed. App'x 297 (4th Cir. 2001)...................................................................................................................................6

TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1 (1st Cir. 1996) ........................................6

Yates v. Open Joint Stock Company, 04-CV-9742 (NRB), 2005 WL 1018428 (S.D.N.Y. Apr. 29, 2005)...................................................................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)……………………………………………………………………….passim

**Rules**

Fed. R. Civ. P. 23................................................................................................................... 8,9,10

Fed. R. Civ. P. 42(a) ....................................................................................................................4,5

**Other Authorities**

8 Moore's Federal Practice § 42.10[1][a] (3d ed. 2009)................................................................3,4

9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 at 16 (3d ed. 2008) ............................................................................................................................................ 4

Defendants Star Scientific, Inc. ("Star Scientific" or "Company"), Rock Creek Pharmaceuticals, Inc. ("Rock Creek"), Paul L. Perito, Jonnie R. Williams, Sr., Park A. Dodd, III, and Dr. Curtis Wright respectfully submit this memorandum in response to the motions for consolidation of Reuter v. Star Scientific, et al., 3:13-cv-187-JAG (filed March 25, 2013) (the "Reuter Action"), and Cole v. Star Scientific, et al., 3:13-cv-287-JAG, ECF No. 1 (filed May 7, 2013) (the "Cole Action") and for lead plaintiff appointment.[1]

## PRELIMINARY STATEMENT

The Reuter and Cole Actions before this Court are two of the three duplicative and overlapping "fraud on the market" putative class actions pending against Star Scientific and other defendants. Each case asserts largely identical claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. The third is an action in the United States District Court for the District of Massachusetts – Boravian v. Star Scientific, Inc. et al., Civil Action No. 1:13-cv-10695-DJC (the "Massachusetts Action"). Reuter was the first-filed.

Consistent with the relief sought by the lead plaintiff applicants, defendants agree that this Court should continue to exercise jurisdiction over this putative class litigation notwithstanding the pendency of the Massachusetts Action.

In particular, defendants concur with all three lead plaintiff candidates before the Court that consolidation of the Reuter Action, the Cole Action, and any other similar putative class action is appropriate.

Defendants also agree with all three lead plaintiff candidates that this Court should appoint a lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995

---

[1] Three such motions were filed in the Reuter Action. See Reuter dckt. nos. 18, 20, and 22. Two duplicative motions were filed in the Cole action, dckt. nos. 7 and 10.

("Reform Act"). Without explanation, one of the lead plaintiff candidates before this Court also filed the only motion for lead plaintiff appointment in the Massachusetts Action. As all lead plaintiffs candidates apparently concede, however, the pendency of the Massachusetts Action and the duplicative lead plaintiff application in that case is no reason to delay this Court's lead plaintiff ruling. Defendants have recently filed a motion in the Massachusetts Action seeking to have that case dismissed or transferred based on the first-to-file rule applied both here and in the First Circuit.[2] Irrespective of the outcome of that motion, only this Court is in a position to consider all three competing plaintiff applications and to render a decision binding on all three candidates because: (1) the only applicant who filed a timely lead plaintiff motion in the Massachusetts Action has also invoked this Court's jurisdiction by virtue of his application for lead plaintiff status here, and (2) only this Court has before it competing applications for lead plaintiff. For these reasons, and because the Reuter action was the first filed, this Court is the appropriate venue for the lead plaintiff appointment process and further litigation of these duplicative putative class cases.

Finally, unless the Court desires to hear from defendants on the issue, defendants respectfully decline to take a position at this time regarding which applicant should be selected as lead plaintiff.

A proposed order is filed herewith for the Court's consideration.

## BACKGROUND

On March 25, 2013 plaintiff Francis Reuter filed the first putative class action against Star Scientific, Rock Creek and certain of their officers. Reuter Action, dckt. no. 1. On May 7, 2013, plaintiff Marty Cole filed a similar complaint against all of the same defendants. Cole

---

[2] For the Court's reference, a copy of defendants' Motion and Memorandum in Support filed in the Massachusetts Action is attached as Exhibit 1.

2

Action dckt. no. 1. This Court entered a scheduling order in the Reuter Action on April 18, 2013, and subsequently applied the same schedule to the Cole Action. See Reuter dckt. no. 12 and Cole dckt. no. 14. Now pending before the Court are three applications for consolidation and appointment as lead plaintiff. Reuter dckt. nos. 18, 20, and 22.[3]

Meanwhile, on March 26, 2013 – after the commencement of the Reuter Action – plaintiff Charles Boravian filed a putative class action complaint in the United States District Court for the District of Massachusetts against two of the six defendants named in the Cole and Reuter Actions – Star Scientific and its Chief Executive Officer, Jonnie R. Williams, Sr. The Massachusetts Action asserts the same legal violations, based on the same facts alleged in the Reuter and Cole Actions, but for only a portion of the class period alleged in Reuter and Cole. Massachusetts Action dckt. no. 1. The deadline for motions for appointment for lead plaintiff in the Massachusetts Action has passed, and only one lead plaintiff application has been filed. That is the application of the "Zelinsky Group," Massachusetts Action dckt. no. 9, which also filed a largely identical motion for appointment as lead plaintiff in this case. See Reuter dckt. no. 18. The named plaintiff in the Massachusetts Action has not sought lead plaintiff status either in the Massachusetts Action or before this Court. Defendants recently filed a motion requesting that the United States District Court for the District of Massachusetts dismiss or transfer the Massachusetts Action to this Court for consolidation with the Reuter and Cole Actions.

As detailed in the Declaration of Cory Scott ("Scott Declaration") filed herewith, the Eastern District of Virginia is where the Company is headquartered. See Scott Decl. ¶ 2. In

---

[3]Shortly before this filing, one of the three lead plaintiff applicants (the STSI Group) submitted a paper (Reuter dckt. no. 29) stating that the other applicants appear to have larger financial interests in the outcome of the litigation; that the STSI Group therefore does not oppose the other motions; but that the STSI Group remains willing to serve as lead plaintiff in the event that this Court finds reason not to appoint the other applicants. See 15 U.S.C. § 78u-4(a)(3)(B)(iii) (requiring consideration of factors other than the size of a lead plaintiff's financial interest in the litigation).

addition, substantially all of the work on the Company's Securities and Exchange Commission filings and press releases occurred in the Eastern District of Virginia or in the Company's nearby Washington, D.C. office. See Scott Decl. ¶¶ 2, 3, and 5.

## **ARGUMENT**

As requested by the various lead plaintiff applicants, this Court should continue to exercise jurisdiction over this putative class litigation notwithstanding the pendency of the Massachusetts Action.

**I.  CONSOLIDATION OF REUTER, COLE, AND ANY OTHER RELATED ACTIONS IS APPROPRIATE**

"The articulated standard for consolidating two or more cases [under Fed. R. Civ. P. 42(a)] is simply that they 'involve a common question of law or fact.' This standard is an expansive one…. Common questions of law and fact do not have to predominate." 8 Moore's Federal Practice § 42.10[1][a] (3d ed. 2009). See also 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 at 16 (3d ed. 2008) ("the existence of a common question [of law or fact] by itself is enough to permit consolidation under Rule 42(a) even if the claims arise out of independent transactions."). "Judicial economy generally favors consolidation." In re Orbital Scis. Corp. Secs. Litig., 188 F.R.D. 237, 238 (E.D. Va. 1999). Once the Court finds that there is a common question of law or fact, it should also ask whether "consolidation will prove beneficial." 8 Moore's Federal Practice § 42.10[1][a] (3d ed. 2009).

As this Court and numerous others have repeatedly recognized, the minimal showing required by Rule 42(a) is easily made in the context of putative securities class action cases involving similar allegations. See, e.g., In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 431 (E.D.V.A. 2000) ("consolidation is often warranted where multiple securities fraud class actions 'are based on the same public statements and reports'") (internal citations omitted);

4

Switzenbaum v. Orbital Scis. Corp., 187 F.R.D. 246, 248 (E.D.V.A. 1999) (consolidating where various complaints sought relief under § 10(b), Rule 10b-5, and § 20(a) because the "10b-5 claims alone will raise the same set of questions in each case" and "[t]he efficiency of resolving these and other questions at once in a single proceeding is beyond serious debate"). Cf. 15 U.S.C. § 78u-4(a)(3)(B)(ii) (providing that motions for consolidation are to be resolved prior to lead plaintiff appointment).

Further, "when consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts." Horn v. Raines, 227 F.R.D. 1, 2 (D.D.C. 2005).

As detailed above in the Background section, the Reuter, Cole, and the Massachusetts Action seek to represent the same putative class members and are otherwise substantially similar. Having the cases proceed on parallel tracks in this Court and/or the United States District Court for the District of Massachusetts therefore would be grossly inefficient and serve no useful purpose.

Accordingly, defendants agree with the lead plaintiff applicants that, as part of this Court's continuing adjudication of this putative class litigation, consolidation of the Reuter Action, the Cole Action, and any subsequent similar cases for all purposes pursuant to Fed. R. Civ. P. 42(a) is plainly within the Court's discretion and is likely to be beneficial. The proposed order filed herewith addresses consolidation and other issues.

## II. THE COURT SHOULD APPOINT A LEAD PLAINTIFF IRRESPECTIVE OF THE MASSACHUSETTS ACTION

Defendants also agree that, as part of the adjudication of this putative class litigation, this Court should appoint a lead plaintiff.

As all three lead plaintiff candidates apparently concede, the pendency of the

5

Massachusetts Action and the duplicative motion for lead plaintiff appointment by the Zelinsky Group filed in that action provide no reason for the Court to stay its hand. Two reasons supporting this conclusion deserve emphasis.

First, defendants have recently filed a motion in the Massachusetts Action seeking to have that case dismissed or transferred based on the first-to-file rule, which is well established both here and in the First Circuit. See, e.g., TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."); The Learning Network v. Discovery Communications, Inc., 11 Fed. App'x 297, 300-01 (4th Cir. 2001) (similar).

In this Circuit, the First Circuit, and others, the "first-to-file" rule has been understood to "dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate." EMC Corp. v. Parallel Iron, LLC, Civil Action No. 12-11096-FDS, --- F. Supp. 2d ---, 2012 WL 6213133, at *3-*5 (D. Mass. Dec. 12, 2012) (collecting cases and staying action to permit the first-filed court to address the venue issue); Affinity Memory & Micro, Inc. v. K&Q Enters. Inc., 20 F. Supp. 2d 948 (E.D. Va. 1998) (court in which parallel litigation was filed first should decide whether to apply first-filed rule). To support a transfer, defendants' motion therefore requires no more than that the United States District Court for the District of Massachusetts find that the Massachusetts Action substantially overlaps with the Reuter and Cole Actions – a point that is beyond reasonable dispute. See Boston and Maine Corp. v. United Transp. Union, 110 F.R.D. 322, 329 (D. Mass. 1986) ("Once the likelihood of substantial overlap between two suits has been demonstrated, it is no longer up to the second court to resolve the question of whether both should be allowed to proceed.") (citations and internal quotation and

other marks omitted).  See also "Zelinsky Group" brief, dckt. no. 25 at 2 n.1 (May 28, 2013) (acknowledging that Massachusetts Action is "a related case").  Thus, there is a significant likelihood that the United States District Court for the District of Massachusetts will grant a transfer or similar relief.

Second, only this Court is in a position to consider all three lead plaintiff applications and to issue a ruling that would bind all of the applicants.  See generally Smith v. Bayer Corp., 131 S. Ct. 2368, 2380 (2011).  As noted above, while this Court has before it three lead plaintiff applicants that it could select, the United States District Court for the District of Massachusetts has before it only one application – an application from the Zelinsky Group, which filed essentially the identical lead plaintiff application in Massachusetts that it filed in this Court.

The pendency of the Massachusetts Action therefore is largely inconsequential for present purposes.  The named plaintiff in the Massachusetts Action (Mr. Boravian) has ***not*** sought appointment as a lead plaintiff and thus cannot pursue putative class litigation under the Reform Act irrespective of the outcome of the motion to transfer the Massachusetts Action.  See 15 U.S.C. § 78u-4(a)(3)(B).  It is doubtful that plaintiff Boravian would seek to pursue individual Reform Act claims in Massachusetts in light of his relatively small purchases of Company shares.[4]  But, even if he were inclined to do so, for the reasons already noted (including that the Reuter Action was the first-filed), this Court is the only appropriate venue for the lead plaintiff appointment process and any further putative class litigation.  The pendency of the Massachusetts Action therefore provides no basis to defer a lead plaintiff ruling or other aspects of this Court's continued exercise of jurisdiction over this putative class litigation.

---

[4] According to a certification filed with his complaint, plaintiff Boravian seemingly purchased less than five thousand dollars ($5,000) worth of Company shares.  See Boravian Compl. (filed March 26, 2013), dckt. no. 1, certification.

7

### III.     DEFENDANTS TAKE NO POSITION REGARDING WHICH LEAD PLAINTIFF CANDIDATE SHOULD BE APPOINTED

Some courts have held that defendants lack standing to oppose the appointment of a lead plaintiff.  See, e.g., Johnson v. Pozen, Inc., 1:07CV599, 2008 WL 474334, at *1, n.2 (M.D.N.C. Feb. 15, 2008) ("The consensus among courts is that [d]efendants have no standing to object to the proposed [ ] motion [for lead plaintiff] because 15 U.S.C. § 78u-4-(a)(3)(B)(iii)(II) expressly authorizes only class members to rebut the presumption that the proposed [l]ead [p]laintiff is appropriate."); cf.  Pirelli Armstrong Tire Corp. v. Labranche & Co., 229 F.R.D. 395, 406 n.16 (S.D.N.Y. 2004) (noting split of authority on the issue).

In addition, although some courts have allowed defendants to file papers addressing lead plaintiff issues, they have concluded that the issues raised by defendants are more usefully considered at the class certification stage of the litigation.  See, e.g., Yates v. Open Joint Stock Company, 04-CV-9742 (NRB), 2005 WL 1018428 at *2 (S.D.N.Y. Apr. 29, 2005) (defendants' concerns regarding lead plaintiffs were "premature" given that "[a]n investor who seeks to be appointed as lead plaintiff only need[s] to make a preliminary showing that it satisfies the requirements of Fed. R. Civ. P. 23" and close scrutiny of such issues should await "consideration of a motion for class certification") (citations and internal quotation marks omitted).[5]

Against this backdrop, defendants respectfully apprise the Court that, unless the Court wishes to hear from defendants on the issue, defendants do not intend to respond substantively to any of the pending plaintiffs' motions for appointment as lead plaintiff.

Defendants, of course, do not concede any of the legal arguments or factual allegations in

---

[5] See also In re Microstrategy Sec. Litig., 110 F. Supp. 2d 427, 435 (E.D. Va. 2000) (appointment of lead plaintiff "need not be as searching as the one triggered by a motion for class certification") (internal quotations and citations omitted).  But cf. In re First Union Corp. Sec. Litig., 157 F. Supp. 2d 638, 641 (W.D.N.C. 2000) ("Regardless of whether Defendants formally have standing …, nothing in the Reform Act prevents this Court from considering the argument raised and authorities cited by Defendants.").

the motions or in any of the complaints in any of the duplicative actions.  Defendants respectfully reserve all rights, including their right to oppose plaintiffs' claims and to raise any objections to plaintiffs' fitness to serve as class representatives.  Defendants intend to present such objections and defenses at an appropriate subsequent stage of the proceedings.  See Ellenburg III v. JA Solar Holdings Co. Ltd., 262 F.R.D. 262, 267 (S.D.N.Y. 2009) ("At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of [Fed. R. Civ. P. 23]…  The defendants may of course challenge at the class certification stage whether each of the requirements of Rule 23 has been established.") (citation and internal quotation marks omitted); In re Lucent Technologies, Inc. Sec. Litig., 221 F. Supp. 2d 472, 486 n.18 (D.N.J. 2001) ("The opportunity for Defendants to contest, if appropriate, class certification on the[] grounds [that the lead plaintiff fails to meet the requirements of Fed. R. Civ. P. 23] is preserved.").

## **CONCLUSION**

This Court is the proper venue for adjudication of the related putative class actions involving Star Scientific. Accordingly, defendants concur with the lead plaintiff applicants that consolidation of the Reuter Action, the Cole Action, and any subsequent related cases is appropriate. Defendants further agree with the lead plaintiff applicants that this Court should appoint a lead plaintiff. Unless the Court desires to hear from defendants on the issue, defendants respectfully decline to take a position at this time regarding which applicant should be selected as lead plaintiff or whether any of the lead plaintiff candidates is a suitable representative of the putative class for purposes of Fed. R. Civ. P. 23. A proposed order is attached for the Court's consideration.

June 7, 2013

Respectfully submitted:

STAR SCIENTIFIC, INC., ROCK CREEK PHARMACEUTICALS, INC., PAUL L. PERITO, JONNIE R. WILLIAMS, SR., PARK A. DODD, III, and CURTIS WRIGHT

By: ___/s/ Edward E. Bagnell, Jr._____
M. F. Connell Mullins, Jr. (VSB # 47213)
cmullins@spottsfain.com
Edward E. Bagnell, Jr. (VSB #74647)
ebagnell@spottsfain.com
Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, VA 23219
Telephone: (804) 697-2069
Facsimile: (804) 697-2169

Charles Lee Eisen (*pro hac vice*)
Nicholas G. Terris (*pro hac vice*)
Amy J. Eldridge (VSB # 77873)
K&L GATES LLP
1601 K Street, N.W.
Washington, D.C. 20006-1600

                          Telephone:  (202) 778-9000
                          Facsimile:   (202) 778-9100
                          Email: charles.eisen@klgates.com
                          Email: nicholas.terris@klgates.com
                          Email: amy.eldridge@klgates.com

                          *Attorneys for Star Scientific, Inc., Rock Creek Pharmaceuticals, Inc., Paul L. Perito, Jonnie R. Williams, Sr., Park A. Dodd, III, and Curtis Wright*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to all counsel of record.

      */s/ Edward E. Bagnell, Jr.*
Edward E. Bagnell, Jr. (VSB # 74647)
ebagnell@spottsfain.com
Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, VA 23219
Telephone: (804) 697-2069
Facsimile: (804) 697-2169
*Attorneys for Star Scientific, Inc., Rock Creek Pharmaceuticals, Inc., Paul L. Perito, Jonnie R. Williams, Sr., Park A. Dodd, III, and Curtis Wright*